## UNITED STATES ex rel. GUARANTY STATE BANK v. OKEECHOBEE COUNTY et al.

### No. 2024.

District Court, S. D. Florida.

Jan. 9, 1934.

Touchton & Crittenden, of Winter Haven, Fla., and W. H. Poe, of Orlando, Fla., for plaintiff.

Cary D. Landis, Atty. Gen., of the State of Florida, for defendant.

RITTER, District Judge.

The plaintiff in this case secured two judgments in this court for $11,559.35 and $5,382.82, respectively, on the 31st day of July, 1933, upon past-due bonds issued by the county of Okeechobee, state of Florida, on the 1st day of February, 1931, and 1933. These bonds were issued for construction of the Okeechobee-Fort Drum road.

The judgments not being paid, the plaintiff brings this action against the county chairman and members of the board of county commissioners, the county clerk, tax assessor, and tax collector, the state treasurer as ex officio treasurer of said county, and against members of the board of administration of the state of Florida, seeking an alternative writ of mandamus against these officers to compel payment of moneys on hand to the plaintiff, which moneys arose from the ad valorem tax levied for the payment of the bonds, and the payment of which moneys has been refused.

To the petition for alternative writ, W. V. Knott, as state treasurer of the state of Florida, as ex officio treasurer of Okeechobee county, and David Sholtz, J. M. Lee, and W. V.

Knott, as members of the board of administration of the state of Florida, have filed their joint and several motion to quash the alternative writ of mandamus, upon the ground, primarily, that the moneys involved are held by them under and by virtue of chapter 14486, Acts of 1929 (Ex. Sess.), Comp. Gen. Laws Supp. 1930, § 2470 (1) et seq., and that the payment of said moneys is governed by the said act and within the discretion of the members of said board.

The defendant county and county officers have entered into a stipulation with the plaintiff, of record in this court, wherein it is stipulated and agreed:

(1) That judgment may be entered and a peremptory writ of mandamus may be issued, requiring the levy and collection of 20 mills on the dollar, of valuation for the year 1933, and that in the year 1934 a sufficient levy shall be made and collected to pay the amount remaining due on the judgments, described in the alternative writ, and further requiring the board of county commissioners and other county officers to perform the other duties described in the alternative writ.

(2) It is further stipulated that the board of county commissioners will immediately transmit to the board of administration its resolution requesting the payment to relator of the funds in its hands available for the payment of said judgments, and that it will use its good offices to the end that the purpose and intent of this paragraph may be accomplished.

In accordance with this stipulation, therefore, a peremptory writ of mandamus may issue as against the said county and officers.

In considering the status of W. V. Knott, state treasurer, as ex officio treasurer of Okeechobee county, and the state board of administration, under their motion to quash, I am of the opinion that the act of the state Legislature, 1929 (Ex. Sess.), chapter 14486 (Comp. Gen. Laws Supp. 1930, § 2470(1) et seq.), was created primarily to control and distribute funds allotted by the state arising out of tax upon gasoline and personal property tax on motor vehicles in aid of counties for meeting principal and interest on bonds issued for road construction. With reference to that fund, until there is shown some facts of maladministration, the courts have no jurisdiction in mandamus to compel its distribution.

In reference to ad valorem taxes levied and collected by the counties for such bonds, the rights of bondholders are preserved by the act. Section 2470(8), Comp. Gen. Laws 1927, 1930 Supplement.

It is true the money held by the county, so collected, is directed to be lodged with the said state treasurer and paid out by order of the said state board. It was not the purpose of the law, and cannot be its purpose, to in any way impair the contract involved in the bond issues as between the purchaser of the bonds and the county, and cannot relieve the county of any of its duties in reference to the collection and payment of the moneys or deprive the bondholder of any of his remedies existing at the time of acquiring his bonds.

The state board of administration, as held in Amos v. Mathews, 99 Fla. 1, 126 So. 308, is the mere fiscal agent of the several counties for the distribution of this fund. The purpose of requiring the moneys to be paid over to the state board, the moneys to be under the control of the state board, and reports to be made to it by the counties, is to provide a public record of the various bond issues and collections thereunder by the counties, so as to inform the board, and furnish the basis for the distribution of the special allotment of the gasoline tax conceded to the counties by the state. Any money, therefore, which the county had, arising from collection of taxes levied for the payment of the particular bonds in question must be paid to the judgment creditors in this case, whether held by the county or by any state officer or board. This I concede to be in accord with the law of the act aforesaid. Whether the moneys should be returned to the county treasurer by the ex officio state treasurer by order of the board of administration, or paid direct to the relator, is immaterial so long as the relator receives the money on its judgment, if there is any money so to apply.

I do not think this is in conflict with any of the decisions of the Supreme Court of the state of Florida to which my attention has been called. Inasmuch as by stipulation, the peremptory writ will issue against the county and its officers, who will endeavor to adjust the matter with the state board and its officers, I do not think it necessary to at this time order any peremptory writ against W. V. Knott, state treasurer, and ex officio county treasurer of Okeechobee county, and the state board of administration, as I believe the matter can be readily adjusted and the right recognized as herein set forth.

The motion to quash the alternative writ will be denied and no further action taken in the premises until it is evident that the said state officers and board refuse to comply with

the request of the county commissioners of Okeechobee county, as in said stipulation set forth.